Wm. J. Snodgrass *v.* Thos. J. Snodgrass, Adm'r, etc., *et al.*

---

## WM. J. SNODGRASS *v.* THOS. J. SNODGRASS, Adm'r, etc., *et al.*

1. ADMINISTRATOR. *Liability of. For assets mentioned in his inventory, which do not belong to the estate.* When the inventory of an administrator, sworn to, is received by the County Court, he charges himself with the items there mentioned, and is estopped to deny his liability for them as such administrator, although the assets did not properly belong to the estate, unless he can show he was mistaken in the facts upon which he admitted his liability.

Taylor *v.* Walker, 1 Heisk., 734; Code, §§ 2,305, 2,241–2.

2. SAME. *Liability of sureties.* The sureties of an administrator, who has charged himself, by his inventory, with the rents of land and the hire of a negro, in which his intestate was possessed of only a life estate, are not liable, though *he* may be, such sums having accrued after the termination of intestate's estate therein, by death.

3. SAME. *Same.* The sureties of an administrator are not liabe for the proceeds of property received by him from the sale of his intestate's land in another State, his liability is personal.

2 Hum., 224; 10 Yerg., 284; 9 Hum., 341, 331.

4. EVIDENCE. *Administrator's inventories.* Inventories and settlements of administrators have the verity of judicial records, except that they may be impeached by those interested in the estate, as not showing the full measure of the administrator's liability.

---

### FROM WHITE.

---

Appeal from the Chancery Court. W. P. HICKERSON, Judge, by interchange with B. M. TILLMAN, Chancellor.

E. L. GARDENHIRE for Wm. J. Snodgrass.

D. M. COLMS for Thos. J. Snodgrass.

DEADERICK, Judge, delivered the opinion of the Court.

This bill was filed in August, 1861, in the Chancery Court of White County, alleging that complainant and defendants are heirs at law and distributees of Margaret Snodgrass, deceased, and that defendant, Thomas J., is also her administrator.

The bill charges that the administrator, although more than two years had elapsed from the date of administration granted, had wholly failed to sell the

personal estate of his intestate, consisting of household property, beds and furniture, ware and articles, and a yoke of steers, worth in all $1,000 ; that said administrator had in his hands the price of a tract of land sold in Virginia belonging to intestate, and pretends that two of the heirs at law and distributees, minors at the time of intestate's death, were entitled to the whole of said fund, and refuses to sell or distribute the same.

The bill prays for an account of the estate of intestate, and of all the funds in the hands of said Thomas J., due to the heirs of Margaret Snodgrass, deceased.

Thos. J. Snodgrass, administrator of Margaret and Lafayette Snodgrass, and Daniel Wilhite and wife, Lucinda J., answer jointly and separately.

Thomas J. states that he sold the property of his intestate not exempt from execution ; that he delivered to his co-defendants, Lafayette and Lucinda J., who were minors at the death of their mother, certain articles of property exempt from execution, to which, he supposed, under the law, they were entitled, and that he is ready and willing to account to those entitled for the assets of said estate in his hands.

Thomas J. died while the cause was pending in the Chancery Court, and the same was revived against Lafayette Snodgrass, his administrator.

Complainants afterwards filed an amended bill, making the sureties of Thomas J., the administrator,

defendants to the bill, repeating, in substance, the charges of his original bill, to which they answered, contesting their liabilities.

An account of the assets of Margaret Snodgrass, deceased, which were in the hands of said Thomas J., the administrator, or which should have come to his hands, was ordered and decree made, charging him with the property delivered to Lafayette and Lucinda J.

The Master reported, taking as the basis of his report a settlement with the Clerk of the County Court, showing the amount of the assets in the administrator's hands of $1,530.26.

To this report defendants filed exceptions:

1. Because the administrator and his sureties are charged with the rents of lands and the hire of a negro that did not belong to the estate of said Margaret, she having only a life estate therein.

2. The administrator and sureties were improperly charged with $588.25 and interest, proceeds of sale of land in Virginia.

3. The administrator is charged with all the property on hand at the death of intestate, when she was entitled, by her husband's will, to one-eighth of it only.

There were other exceptions, but the foregoing are all that need be noticed.

These were allowed by the Chancellor in exoneration of the sureties for the administrator, but the administrator was held liable, upon the ground that

the administrator, having charged himself with these several items in his settlement with the County Court Clerk, was estopped to deny his liability for them as such administrator.

The will of Thomas Snodgrass, the father of complainant and of the other defendants, who are the heirs at law and distributees of Margaret Snodgrass, deceased, is in the record, and shows very clearly that the said Margaret had only a life estate in the land and in the slaves mentioned therein, and an equal interest in the personal estate with her children; so that her administrator was not properly chargeable with either the rent of the land or hire of the slave accruing after her death.

By Sec. 2,305 the settlement of the administrator, when made and recorded, shall be *prima facie* evidence for the accounting party.

This leaves it open for the distributees, or other persons interested, to impeach the settlement, and to show, by proof, that the account, as stated, is not correct.

The County Court has the jurisdiction expressly conferred, by statute, to receive from the administrator an inventory of the goods and chattels of deceased, sworn to by him, and order it to be recorded in a book of inventories, §§ 2,241–2.

Thus the inventories and settlements of administrators are put upon the records of the County Court, having the verity of judicial records, except that they may be impeached by those interested in the estate

as not showing the full measure of the administrator's liability.

As against the administrator, the inventory furnished and made out and sworn to by him is conclusive to charge. him, unless he can show that he was mistaken in the facts upon which he admitted his liability.

In the case of *Taylor* v. *Walker*, 1 Heisk., 734, this Court held, that Walker, who had filed his bill for the sale of land, as administrator of Taylor, which bill was sworn to, was estopped by the statements of the bill from afterwards setting up title to the land. So, we think, that Snodgrass, as administrator of his mother, is estopped to deny that he had in his hands the assets,. which he admitted he had, by the inventory which he filed in the County Court, and which was sworn to by him.

The answer of T. J. Snodgrass admits the receipt of the $588.25 belonging to the estate of his mother in Virginia, and shows that assets of his father's estate charged to himself, as administrator of his mother, are in his hands, and are due to the parties who are seeking to recover them, and that he is liable, as charged, but not in his character of administrator, etc.

This view is conclusive of the liability of the administrator, for all the assets admitted, including the $588.

But we are of opinion that the sureties of the administrator are not responsible for either of these sums, because the hire of the negro and the rent of the

land accrued after the death of Mrs. Snodgrass, and after her estate in the negro and land had terminated. And as to the proceeds of the sale of the land in Virginia, it was not assets of her estate in Tennessee, where administration was granted, but was received by Thomas J. in Virginia, not in his character of administrator in Tennessee, for as such administrator he had no right to demand or receive it; not receiving it as administrator in Tennessee, he is not responsible in that character, and his sureties here are not responsible for it. 2 Hum., 224; 10 Yerg., 284; 9 Hum., 341, 331.

The result is, the decree of the Chancellor must be affirmed, and the complainants will pay the costs of this' Court, and the executors of Thomas J. Snodgrass and of David Snodgrass pay the costs of the Chancery Court.