THE STATE *ex rel.* LIGGETT v. OSBORN. *Appellant.*

**Principal and Ancillary Administration:** LIABILITY OF ADMINISTRATOR. Where the same person conducts the principal administration of an estate in another State, and ancillary administration here, he will not be liable upon his ancillary bond for the proceeds of land sold in the other State, though the money is brought into this State.

*Appeal from Gentry Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*Lewis, Hubbard & Pike* for appellant.

*Lay & Belch* with *C. H. S. Goodman* for respondent.

HENRY, J.—Caswell Osborn died in Kentucky in 1868, and by his last will and testament appointed his son, Josiah, then a minor, his executor. The will was admitted to probate in Pulaski county, Kentucky, and Gilbert Osborn, the defendant, was, by the proper tribunal of said county, appointed administrator with the will annexed of Caswell's estate. By the will of said Caswell Osborn, his executor was empowered to sell certain lands in what is known as "the Flat Woods section," in that part of Kentucky. Caswell Osborn's family and said Gilbert, in 1864, moved from Kentucky to Gentry county, in this State, where Gilbert again took out letters of administration on Caswell's estate, and his co-defendants are his securities on his administration bond. After he thus administered in this State, he sold 255 acres of the land in Kentucky, mentioned in the will, for about $300, and the object of this suit is to hold him and his securities here liable for an alleged failure on his part properly to account for said money as administrator in this State.

The administration in Kentucky was the principal, and that in this state the ancillary administration. The intestate never resided in Missouri. The real estate, and the proceeds of the sale thereof, belonged to the administration in Kentucky. If the proceeds of the sale of the land, were brought to this State by the administrator duly qualified in Kentucky, and squandered, or misappropriated, he and the securities on his bond in that State are liable to the creditors and distributees of the estate. "The an-

cillary administration cannot be allowed to draw into its jurisdiction any assets not locally situated within its limits." (Redfield on Wills, 5 Vol. 28.) Here the sale of the lands in Kentucky was made under the will, and the purchase money received by the administrator, equally with the land, appertained to the administration in the State of Kentucky. That the Kentucky administrator had the money for which the land was sold, in this State, did not withdraw it from the principal administration. The decisions of other States are not in accord on the subject, but we think that the weight of authority supports the views above expressed. *Spraddling v. Pipkin*, 15 Mo. 118; Story's Conflict of Laws, § 514; *Fay v. Haven*, 3 Met. 109 ; Redfield on Wills, 3 Vol. 28. The judgment of the circuit court, which was for plaintiffs, is reversed, and the cause dismissed. All concur.