## Matt Young and Fred Taeger

### V.

## The People, for use, etc.

*Administration—Personal Property—Erroneous Order to Sell as—Subsequent Order to Refund—Principal and Surety.*

1.   As a general rule an administrator takes no estate, title or interest in the real estate of his intestate, and the Probate Court can authorize him to sell it only by pursuing the statute governing such cases.

2.   The sureties upon an administrator's bond are not liable for moneys coming to his hand through an erroneous order of the Probate Court, he having no right as administrator to receive or retain the same.

[Opinion filed February 12, 1890.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. Arnold Tripp, for appellants.

Mr. M. S. Bowen, for appellee.

Gary, P. J.   One John Murphy was administrator of the estate of Hannah Goodman, and the appellants were sureties on his bond, in the Probate Court.   Murphy obtained, in the Probate Court, an order giving him leave to sell the personal

estate of the deceased. Under that order he sold to Bridget Mitchell the interest of the deceased in a frame building, for $275, and received the money. That sale the court first approved, but afterward held that the interest of the deceased in the building was not personal property, and ordered Murphy to refund the money to Bridget Mitchell. He did not refund, though she demanded the money, and this suit upon his bond is brought for his default. It is the general law that an administrator takes no estate, title or interest in the real property of the deceased. Le Moyne v. Quimby, 70 Ill. 399, and cases there cited. And the Probate Court can authorize him to sell it only by pursuing the statute in such case made and provided. There was, in this case, no attempt to sell in that mode. It follows that by mistake, which Murphy, or the court, or both made, he had in his hands money which did not belong to him as administrator, and which he had no authority, as administrator, to receive or retain. For this money he is liable individually. It is not a charge upon the estate of Hannah Goodman.

Numerous cases are collected in a note in 1 Coms. Ex., 599, which hold that the sureties are not liable in such a case. See also Douglass v. Mayor, 56 How. Pr. R. 178. The judgment against the appellants is erroneous, and must be reversed and the cause remanded.

*Reversed and remanded.*