[No. 7688.]

THE PEOPLE V. PARKER ET AL.

1. EXECUTORS AND ADMINISTRATORS—*Sale of Decendent's Lands in
Another State*—The county court has no jurisdiction to order a sale
by an administrator of lands of the decedent, situated in another
state. Such order is void.

2. ——*Special Bond of Administrator Selling Lands—Liability of
Sureties*—The bond required by statute (Rev. Stat. and Colo. Stat.
Ann., sec. 7178) of an administrator directed to sell lands for the
payment of the debts of the intestate, is for the protection of those
interested in the estate, not the purchaser.

Void order for the sale of lands situated in another state, and
sale accordingly; the sureties in the bond are not responsible to the
purchaser.

*Error to Sedgwick District Court.*—Hon. H. P. BURKE, Judge.

*On Petition for Rehearing.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. ROLFSON & HENDRICKS, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

Action in the district court against the sureties on an administrator's special bond given as required by statute upon the sale of real estate to pay debts of the decedent.

1. This action is brought against the administrator Burke, as principal, and defendants in error, as sureties on an administrator's bond given upon the sale of real estate by the administrator to pay debts.

The complaint alleges in substance that Patrick W. McNamara died owning real estate situated in both Colorado and Nebraska; that Burke as his administrator filed a petition in the county court of Sedgwick county, Colorado, to sell real estate to pay debts of the estate; that the court entered an order for the sale, among other lands, of 84.12 acres in Deuel county, Nebraska; that the bond was conditioned as follows: "* * * said Mark Burke, as such administrator of said estate as aforesaid, shall well and faithfully report any and all sales so by him made in accordance with the said above mentioned order to the said county court of Sedgwick county, and shall well and faithfully pay over and account for under the order and direction of the court to the persons entitled thereto any and all monies received as payment for the purchase of said real estate, and shall in general do and perform all such other acts, matters and things as shall at any time be required of him in the premises by law;" that Burke thereafter sold the land in Nebraska, and reported the sale to the court; that the court had no jurisdiction to make the order,

and Burke no jurisdiction to sell the Nebraska land; that while the sale was in conformity with the statutes of Colorado, yet as to the Nebraska land, the court and administrator each exceeded their jurisdiction, although all interested parties at the time, supposed the proceedings to be legal and regular; that Burke deeded plaintiff the Nebraska premises, but the heirs of the decedent repudiated the sale, and Burke retains possession of, and refuses to return the proceeds thereof to plaintiff; that the county court upon plaintiff's petition, ordered Burke as administrator, to refund the purchase price to the plaintiff, which he neglected, failed and refused to do, whereby the terms of the bond were broken to the damage of plaintiff.

To this complaint the sureties, Parker and Loveland, filed general demurrers which were sustained, and plaintiff electing to stand upon his complaint, final judgment was entered in favor of these defendants dismissing the complaint as to them, and the case is here on error.

2. The county court was without jurisdiction over the real estate in Nebraska. Its order of sale as to this land was not voidable, but void, and gave Burke no jurisdiction in his representative capacity to sell the land, of which everyone was bound to take notice. There was no sale by Burke as administrator, of the Nebraska land, because the order of sale was void, and both the administrator and the court acted without jurisdiction.

The special bond required by statute, upon which defendants were sureties, was given to protect assets of the estate, and for the benefit of those entitled to the proceeds of the sale, not the purchaser. To the extent that the administrator represented the estate's interest in the funds derived from the sale of land, the sureties were liable for an accounting; but they could not be held for his individual acts. The statute requiring the bond, and the instrument itself show that it was a special bond given to secure an accounting by the administrator for funds coming into his hands as such, from a sale of land

belonging to the decedent ,and for nothing else.   The authorities mentioned below, show so conclusively that Burke in selling the Nebraska land acted in his individual and not in his representative capacity, and that the sureties on the bond are not liable, that we deem it unnecessary to do more than cite them.—*People v. Cobb,* 10 Colo. App. 478; *Campbell v. American Bonding Co.,* 172 Ala. 458; *Jackson v. Wilson,* 117 Ala. 432; *Pettit's Admr. v. Pettit's Distributees,* 32 Ala. 288; *Schlicker v. Hemenway,* 110 Cal. 579; *Cabanne v. Skinker,* 56 Mo. 357; *State v. Osborn,* 71 Mo. 86; *Emmons v. Gordon,* 140 Mo. 490; *Young v. People,* 35 Ill. App. 363; *Johnson v. Hall,* 101 Ga. 687; *Snodgrass v. Snodgrass,* 60 Tenn. 157; *Miller v. Meservey,* 107 Me. 158; *Given's case,* 34 N. J. Eq. 191.

The former opinion is withdrawn, the motion for a rehearing denied, and the judgment affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.

Decided March 3, A. D. 1913.   Rehearing denied May, A. D. 1913.