The agreed statement of facts pertinent to the defendant's appeal is as follows:
That J. A. Groves, on 4 April, 1929, wrongfully and feloniously shot and killed his wife, Maggie F. Groves, and then shot and killed himself.
That at the time of their deaths, J. A. Groves had a policy of life insurance on his life in the Mutual Life Insurance Company of Maine, for $1,000, payable to his wife, Maggie F. Groves.
That F. L. Potter, Sr., duly qualified as administrator in Duplin County on the estate of J. A. Groves, deceased, and gave and administration bond in the sum of $12,000 with the defendant, the United States Fidelity and Guaranty Company of Maryland as surety on his said bond and entered immediately upon the administration of said estate, and on or about 1 May, 1929, the said F. L. Potter, Sr., as such administrator, collected from the Mutual Life Insurance Company of Maine the said policy of $1,000, which he used as a part of the estate of J. A. Groves, deceased, in administering said estate.
That soon thereafterwards, W. V. Parker, the plaintiff, duly qualified as administrator on the estate of his sister, Maggie F. Groves, deceased, and made demand upon F. L. Potter, Sr., administrator of J. A. Groves, deceased, for the said $1,000 collected on said policy, which demand was refused and the said plaintiff instituted action for the recovery of the same, and the court adjudged that the estate of J. A. Groves, deceased, on account of his wrongful and felonious slaying of his wife could not recover said insurance and that the same belonged to the estate of Maggie F. Groves, his dead wife. The facts and the law regarding the same being set out in the case of Parker v. Potter et al., 200 N.C. 348, which is incorporated as a part of this finding of fact.
That the administration bond of F. L. Potter, Sr., on which the defendant, the United States Fidelity and Guaranty Company of Maryland, is surety, shall be copied and hereto attached as a part of the findings of fact.
That F. L. Potter, Sr., administrator, died on 5 January, 1930, and thereupon his son, F. L. Potter, Jr., duly qualified as his administrator in Duplin County and gave an administration bond in the sum of $12,000, with the defendant, the United States Fidelity and Guaranty Company as his surety.
That Nellie Susan Outlaw, sister of J. A. Groves, deceased, duly qualified in Duplin County as the administrator d. b. n. of J. A. Groves, deceased, upon the death of F. L. Potter, Sr., administrator. *Page 409 
That after the rendition of the decision in the Supreme Court in the original cause, 200 N.C. 348, an order was made in the cause making F. L. Potter, Jr., administrator of F. L. Potter, Sr., and Nellie Susan Outlaw, administratrix d. b. n. of John A. Groves, deceased, and the United States Fidelity and Guaranty Company, surety on the administration bond of F. L. Potter, Sr., on the estate of J. A. Groves, deceased, parties defendants to the action and additional pleadings ordered filed, and process was issued against these new parties and additional pleadings duly filed herein.
That in the original action and before the United States Fidelity and Guaranty Company was made a party hereto, there was an agreed statement of facts signed by all the counsel, the second paragraph of which is the following:
"That at the time of their deaths, J. A. Groves had a policy of life insurance in the Mutual Life Insurance Company of Maine for $1,000, which had been collected by F. L. Potter, administrator; said policy of insurance being payable to Maggie F. Groves, wife of J. A. Groves."
That in the seventh article of the original complaint against F. L. Potter, administrator, is the following allegation:
"That at the time of his death, the defendants' intestate, J. A. Groves, had in force a policy of life insurance on his life in the Mutual Life Insurance Company of Maine, for the sum of $1,000, which policy was payable to his wife, Maggie F. Groves, as beneficiary . . . and the defendant, F. L. Potter, administrator of J. A. Groves, has collected the said policy of $1,000 from the aforesaid Mutual Life Insurance Company and now has the said $1,000 in his possession. . . ."
The defendant, F. L. Potter, administrator, filed answer under oath to said complaint and in his answer to the seventh article above we quote as follows:
"The allegations of paragraph 7 of the complaint are admitted. . . ."
That after the new parties were made herein, including the United States Fidelity and Guaranty Company as one of the defendants, the plaintiff filed a new complaint herein, under oath, in the 3rd article of which is the following:
"That the said F. L. Potter, Sr., as such administrator, after giving said bond, entered upon the administration of said estate and took into his possession and collected on or about 1 May, 1929, as such administrator, a policy of life insurance for $1,000 on the life of J. A. Groves, his intestate, in the Mutual Life Insurance Company of Maine, which policy was payable to Maggie F. Groves, his wife, plaintiff's intestate, and has unlawfully failed to pay said money or any part thereof to the plaintiff administrator, although a former judgment in this cause *Page 410 
rendered by his Honor, Judge Grady, said $1,000 was adjudged the property of the plaintiff administrator, which judgment was affirmed in the Supreme Court and reported in 200 N.C. 348."
That the defendant, United States Fidelity and Guaranty Company filed answer under oath to said complaint on 21 October, 1931, and the answer to the said 3rd article of the complaint is as follows:
"It is admitted that F. L. Potter, Sr., administrator of J. A. Groves, entered upon the administration of said estate and took possession of and collected on or about 1 May, 1929, as such administrator, a policy of life insurance for $1,000 on the life of J. A. Groves, his intestate, in the Mutual Life Insurance Company of Maine, and it is admitted that by a former judgment of this Court the said $1,000 life insurance was adjudged the property of the plaintiff administrator, but the answering defendant says that it was not a party to said action to which said judgment was rendered."
That neither the defendant, F. L. Potter, administrator, during his life, nor the defendant, the United States Fidelity and Guaranty Company, surety on his administration bond, nor any of the other defendants in this action, nor any other person has ever paid to the plaintiff the said $1,000 insurance money or any part thereof.
Upon the contested issues the jury returned the following verdict:
1. Did the defendant's intestate, John A. Groves, wrongfully and feloniously kill his wife, Maggie F. Groves, the plaintiff's intestate, as alleged in this complaint: Answer: Yes.
2. If so, what damages, if any, is the plaintiff administrator entitled to recover of the defendant administrator on account of the wrongful and felonious slaying of the plaintiff's intestate, Maggie F. Groves, as alleged in the complaint? Answer: $500.
3. At the time of his death, did the defendant's intestate, John A. Groves, have in force a policy in the Mutual Insurance Company of Maine for the sum of one thousand dollars, payable to his wife, Maggie F. Groves, and has the defendant administrator collected same, as alleged in the complaint? Answer: Yes.
4. Has the defendant Potter, administrator, paid said sum, or any part thereof, to the plaintiff? Answer: No.
The court adjudged upon the verdict and the facts agreed that the plaintiff recover of Nellie Susan Outlaw, administratrix de bonis non of John A. Groves, the sum of $500 with interest thereon from 5 September, 1932, and of the administrator of F. L. Potter, Sr., and the United States Fidelity and Guaranty Company of Baltimore, Md., surety on his administration bond, $1,000 with interest from 1 May, 1929, the amount of the insurance policy paid by the Mutual Life Insurance Company of Maine. *Page 411 
John A. Groves took out a policy in the Mutual Life Insurance Company of Maine for $1,000, payable to Maggie Groves, his wife. After killing her he killed himself. In Parker v. Potter, 200 N.C. 348, we held that Mrs. Groves was the beneficiary in the policy and that her administrator is entitled to the whole amount of the insurance money. The administrator of John A. Groves collected the amount due on the policy and has refused to account for it. The appellant is the surety on his bond.
The administrator of Mrs. Groves brought suit against the administrator of John A. Groves and the appellant, as surety, to recover the amount paid the latter administrator by the insurance company, and was awarded judgment. The appellant says that the court committed error for the reason that the funds derived from the policy were not a part of John A. Groves's estate; that the insurance company made payment with knowledge of this fact; and that the administrator of Mrs. Groves has never demanded payment of the insurance company.
The administrator of John A. Groves admits the collection and nonpayment of the money. In its first answer the appellant made the same admission, but denied it in the second. The bond on which it is surety is set out in the record, and it is manifest that the administrator of John A. Groves collected the policy under color of his office and not in his individual capacity as trustee. Indeed, he applied the money as a part of the estate of John A. Groves. The surety on his bond is therefore liable for the misapplication. "All moneys received under color of official authority are covered by the bond." Lafferty v. Young, 125 N.C. 296.
No error.