The People of the State of Illinois for the use of W. H. Dyer, Administrator De Bonis Non of the Estate of John Rosiwiski, Deceased, Appellant, v. Sally Sanculius, Also Known as Salli Sanculius, Appellee.

**Gen. No. 9,016.**

Opinion filed February 10, 1936. Re-hearing denied April 6, 1936.

HETH & LISTER, of Chicago, for appellant; JOHN J. FLYNN, of Chicago, of counsel.

MILLER & SHAPIRO, of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case is a civil action upon certain administrators' bonds brought in the name of the People of the State of Illinois for the use of W. H. Dyer, administrator *de bonis non* of the estate of John Rosiwiski, deceased, against Sally Sanculius, also known as Salli Sanculius, and C. B. Sawyer. Service was not had upon Sawyer and the cause proceeded against the defendant, Sanculius, alone.

The complaint consisted of three counts which are identical in form except as to the date, parties and

penalty of the instrument sued upon. The first count is against the defendants Sanculius and Sawyer, jointly. It alleges their appointment as co-administrators of the estate, the execution, filing and approval on January 6, 1930, of administrators' bond in the penal sum of $10,000 executed by said Sawyer and Sanculius, jointly, as principals, together with Zelma Z. Sawyer and W. M. Durham, as sureties, subject to statutory condition for the faithful discharge of the joint duties of said Sawyer and Sanculius.

For alleging a breach of said bonds the plaintiff pleads an order, entered February 1, 1934, by the county court of Kankakee county (a copy of which is attached to said complaint) which restates the final account of said Sawyer and Sanculius and finds that said administrators Sawyer and Sanculius are charged with having received and collected the sum of $19,918.45, and are credited with the payment of $9,108.33 which leaves a balance due to the heirs of the said Rosiwiski to the amount of $10,873.12, together with interest on said balance, at 10 per cent per annum from July 6, 1932; that an order was entered by said county court requiring said administrators to settle and adjust their accounts as theretofore ordered; to pay over any balance which might be found in their hands and file a new bond; that said co-administrators did not comply with said order but failed and refused to pay over said sums of money and interest and that as a result their letters of administration were revoked by the county court, and Dyer appointed as administrator *de bonis non;* that on appeal from said order to the circuit court, the same was affirmed; that said co-administrators, nor either of them, have paid over to the heirs of John Rosiwiski, or to the administrator *de bonis non,* the sum found to be due under the order of February 1, 1934, and interest at 10 per cent per annum as provided by order of March 8, 1934, or any

part thereof. Plaintiff demands judgment against said Sawyer and Sanculius in the amount of $10,000, the penalty on the bond, together with interest thereon from February 1, 1934, at five per cent per annum.

Count 2 is the same as Count 1 except that it is based upon an administrator's bond, dated January 14, 1930, filed and approved January 15, 1930, executed by the defendant Sanculius, as principal, and Royal Indemnity, as surety, in the penal sum of $53,000, subject to statutory condition for the faithful discharge of the joint duties of said Sawyer and Sanculius. Said count demands judgment against the defendant, Sanculius, in the sum of $10,873.12, with interest thereon from July 6, 1932.

Count 3 is against Sawyer alone, upon an instrument signed by him, as principal, and Royal Indemnity Company, as surety, identical in date, penalty and condition with the bond mentioned in Count 2, and demands like judgment against Sawyer.

The answer of the defendant, Sanculius, admits the execution of the bonds sued on, the entry of the orders alleged, the signing of the order of the attempted revocation of defendant's letters of administration and the appointment of the administrator *de bonis non,* but contends that the county court has sole jurisdiction by virtue of a provision in the order of February 1, 1934, which reserved jurisdiction for further hearing. She admits 'that she has not paid over amount found due by said order, but states that she never had the money; she alleges that the liability under the orders is that of Sawyer, alone; that the bond of January 6, 1930, was superseded and canceled by the later instruments of January 14, 1930; that the Royal Indemnity Company has paid the money due to the heirs, and that the subject suit is for the purpose of reimbursing the indemnity company.

Pursuant to the provisions of section 57 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 185,

plaintiff filed a motion for summary judgment, supported by the affidavit of W. H. Dyer, and certified copies of the instruments sued on and various instruments filed and orders entered in the county court and circuit court upon appeal from probate.

Said affidavit and certified copies set forth the appointment of Sawyer and Sanculius as co-administrators of the said estate; the execution, filing and approval on January 6, 1930, of joint administrators' bond executed by them, as principals, in the penal sum of $10,000; the execution, filing and approval upon the petition of the co-administrators of two copies of an identical form of bond, one copy of which the defendant, Sanculius, as principal, and Royal Indemnity Company as surety, and in the other copy of which Sawyer, as principal, and Royal Indemnity Company, as surety, are bound in the penal sum of $53,000, subject to conditions specified by statute, for the faithful discharge of the joint duties of the said Sanculius and Sawyer; that the county court on February 1, 1934, restated the account of the administrators, charging them with $19,918.45 and crediting them with $9,108.33, and found due to the heirs of John Rosiwiski the sum of $10,873.12, which was in the possession of Sawyer and ordered same paid; that on March 8, 1934, the said court ordered the payment by Sawyer of interest at the rate of 10 per cent per annum from July 6, 1932; that on March 22, 1934, on petition of their surety for release, the county court ordered the co-administrators to settle and adjust their accounts, as theretofore ordered, pay over whatever balance might be found in their hands and file new bond; that said co-administrators did not comply with said order, as a result of which, their letters of administration were revoked and W. H. Dyer was appointed as administrator *de bonis non;* that said order was affirmed by the circuit court on appeal, from probate; that all said orders were in full force and effect unreversed and that no

appeal from any of them was pending; that no part of the sum found due by the county court, or interest thereon, had been paid by the defendants, or either of them; and that affiant verily believes that there is no defense to this action. Plaintiff attached complete certified copy of the order of February 1, 1934, which contained a paragraph as follows: "It is Therefore Ordered that this order be entered without prejudice to the petitioners to move for an entry of an order determining the liability, if any, of the co-administratrix, Sallie Sanculius, and the Court reserves jurisdiction to determine the matter of the liability, if any, of said co-administratrix, Sallie Sanculius, upon further hearing herein, notwithstanding anything hereinbefore recited to the contrary."

Certified copies of the order of the county court of April 19, 1934, and of the circuit court on appeal are set forth, from which it appears that the Royal Indemnity Company made application to settle its liability as surety on the bonds of January 14, 1930, of Sanculius and Sawyer, and that the administrator *de bonis non* was authorized to make such settlement; that as. a part of such settlement, it was found that actions did or might lie against various banks, stock brokerage houses and corporations who had wrongfully cashed checks, transferred stock certificates or otherwise participated in the conversion of the assets of the Rosiwiski estate, and that actions might lie against said Sawyer and Sanculius on their official bonds and that the Royal Indemnity Company should be subrogated to all such rights and claims; that the administrator *de bonis non* was authorized to institute action in the name of such administrator *de bonis non* against Sanculius and Sawyer, or either of them, upon their bonds or liability as co-administrators, and against various banks, companies, brokerage houses or other persons, all such actions to be conducted at

the expense of Royal Indemnity Company and any recovery to be paid to Royal Indemnity Company to reimburse it for the amount paid in discharge of its liability upon said bonds; that the settlement by the Royal Indemnity Company should in no way operate to affect, reduce or discharge or act as a defense to the liability of the said Sanculius or Sawyer to the administrator *de bonis non* under their bonds.

Plaintiff's affidavit further shows that in accordance with said orders Royal Indemnity Company, on August 29, 1934, paid to the administrator *de bonis non* the sum of $13,034.24 in settlement of its liability, as surety on the bonds of January 14, 1930, of Sanculius and Sawyer, and that the administrator *de bonis non* executed and delivered a complete release and satisfaction of all claims to Royal Indemnity Company, as such surety; that said administrator *de bonis non* paid to each of the Rosiwiski heirs the sum of $3,241.68 as his distributive share, and brings this suit in accordance with the orders of the county and circuit courts authorizing same.

Defendant filed a motion to strike the affidavit for summary judgment or in the alternative to deny same, and the motion of the plaintiff for summary judgment and the motion of the defendant to strike or deny were taken under advisement by the court. The court denied the motion of the defendant, granted the motion of the plaintiff and entered judgment in favor of the plaintiff and against the defendant, upon the bond of January 6, 1930, in the amount of the penalty thereof and interest, and upon the bond of January 14, 1930, for damages in the amount of $13,034.24, together with interest, and further provided that the satisfaction of one of said judgments should *pro tanto* satisfy the other.

The judgment of April 25, 1935, was subsequently reopened and defendant given leave to file an affidavit

of merits. By her affidavit of merits defendant sought to show her right to defend the suit by offering in defense: that the settlement by Royal Indemnity Company of its liability as surety and the payment of same to the heirs, prevented the maintenance of this action, since any recovery would go to it instead of the heirs; that the liability of the defendant, Sanculius, was in the sole jurisdiction of the county court; that the defalcations are Sawyer's alone and that the defendant did not participate therein but had used diligence to attempt to close the estate and secure restitution from Sawyer; that the bond of January 6th was superseded by the later bonds; that the attachment of Sawyer had been ordered by the county court, and that she did not sign or ratify the purported final report.

The trial court at the conclusion of the hearing rendered an oral opinion, in which he states, "that inasmuch as it appeared from the record that the beneficiaries of the estate would have no interest in the recovery, and would receive nothing further than they had already received, that the Administrator *de bonis non* could not maintain this action and that the County Court had no authority to authorize the Administrator to sue for the sole benefit of one of the bondsmen who paid in full the balance due the heirs of the estate; that the settlement of the liability of the defendant, Sanculius, was pending in the County Court, which had full jurisdiction of the same; that the defendant, Sanculius, was not liable as a matter of law for the defalcations of Sawyer and would not be liable unless she could have prevented the embezzlement of the funds by her co-administrator by the exercise of reasonable care in the discharge of her duties."

On June 5, 1935, the court entered an order as follows: "Now on this day it is ordered by the Court that the judgment heretofore entered in this cause on April 25, 1935, in favor of the plaintiff be, and the same is now vacated, execution heretofore issued out of said

Court is annulled and motion by the defendant to strike affidavit for summary judgment allowed, and motion to dismiss this suit is by the Court sustained and suit is dismissed at plaintiff's costs, unless plaintiff amends record so as to show cause of action against defendant within ten days." On June 20, 1935, the court entered a judgment as follows: "Now on this day it appearing to the Court that no amendment of record having been made within time set for such amendment said suit is now dismissed at costs of plaintiff. It is therefore considered and adjudged by the Court that the plaintiff, the People of the State of Illinois for the use of W. H. Dyer, Administrator *de bonis non* of the estate of John Rosiwiski, deceased, take nothing by his said suit, and that the defendant, Sally Sanculius, also known as Salli Sanculius, go hence without day, and do have and recover of and from the plaintiff her said costs about this suit expended."

From the judgment of the court as above set forth the appellant has brought the case to this court for review. The appellant has assigned numerous errors upon which they rely for reversal which can be grouped in two divisions. The first, "Did the court err in striking plaintiff's affidavit for a summary judgment? Second: Assuming that the court was right in striking plaintiff's affidavit for a summary judgment from the files, was it error for the court to dismiss plaintiff's suit?"

An examination of the affidavit for summary judgment of the plaintiffs discloses that the cause of action is based upon the bonds signed by the Royal Indemnity Company as surety on the bond of C. B. Sawyer and the defendant Sally Sanculius as administrators of the estate of John Rosiwiski; that there was a shortage in the account of the administrators and that the Royal Indemnity Company as surety on the bonds paid this amount to W. H. Dyer, the administrator *de bonis non*

of the said estate; that the said W. H. Dyer as said administrator paid such sum to the heirs at law and creditors of the estate of John Rosiwiski and that all of the heirs and devisees of said estate have been fully paid and there is nothing for the administrator to do except to close up the estate.

This case is brought in the name of the People of the State of Illinois for the use of W. H. Dyer as administrator *de bonis non* of said estate. The affidavit recites all of the various proceedings that were taken in the county and circuit courts in regard to the estate of the decedent and for the removal of Sawyer and Sanculius as such administrators. The question then arises, "Is this affidavit sufficient to entitle the plaintiff to a summary judgment?" It is seriously insisted by the defendant that not only is the affidavit not sufficient to entitle the plaintiff to a summary judgment, but that the suit cannot be maintained by the plaintiff as the petition shows that Sally Sanculius is not indebted to the estate of John Rosiwiski in any amount whatsoever and that all of the money that came into the hands either of Sawyer or herself has been accounted for and paid over to the persons who were entitled to the same.

The bonds in question were given to protect the creditors of the estate and the heirs of the decedent against loss and for no other purpose. The creditors and heirs at law have received all that is due them from the estate and had executed releases prior to the time that this suit was instituted. There was existing no liability upon these bonds when this suit was brought. Before the administrator could maintain a suit on any of the bonds he must show that someone for whose benefit the bonds were given had suffered a loss which existed at the time the suit was instituted. It is our opinion that the trial court did not err in striking the affidavit for a summary judgment from

the files, as the same did not state a cause of action which would entitle plaintiff to a judgment.

The second ground for reversal requires consideration of sections 57 and 102 of the Practice Act. Section 57 is as follows: "Subject to rules, if the plaintiff, in any action upon a contract, express or implied, or upon a judgment or decree for the payment of money, or in any action to recover possession of land, with or without rent or *mesne* profits, or in any action to recover possession of specific chattels, shall file an affidavit or affidavits, on the affiant's personal knowledge, of the truth of the facts upon which his complaint is based and the amount claimed (if any) over and above all just deductions, credits and set-offs (if any), the court shall, upon plaintiff's motion, enter a judgment in his favor for the relief so demanded, unless the defendant shall, by affidavit of merits filed prior to or at the time of the hearing on said motion, show that he has a sufficiently good defense on the merits to all or some part of the plaintiff's claim to entitle him to defend the action. If the defense is to a part only of the plaintiff's demand a judgment may be entered, and an execution or other suitable writ issued, for the balance of the demand, and the case shall thereafter proceed as to the portion of the plaintiff's demand in dispute as though the action had been originally brought therefor; and in such case the court may make such order as to the costs of the suit as may be equitable." Ill. State Bar Stats. 1935, ch. 110, ¶ 185.

Section 102, Rule 8 (Cahill's St. 1933, ch. 110, ¶ 230). (1) "The affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which plaintiff relies; shall

not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used.

"(2) Affidavits of merits to prevent the entry of a summary judgment shall be drawn in the same manner as the affidavits mentioned in the foregoing paragraph of this rule."

It is insisted by the appellant that a motion to strike was not a proper method to test the sufficiency of the motion for a summary judgment. Our present statute has made radical changes in the procedure for summary judgment, which is not a new thing as we had practically the same thing under our old Practice Act, but limited in its effect. O. L. McCaskill, in his work on the "Civil Practice Act" makes this statement: "There is a striking difference between the affidavits required by this rule and the affidavits which were employed under those sections of former practice acts which established a modified form of summary judgment. The affidavits contemplated in this rule are designed to inform the court of the existence or non-existence of an issue worthy of trial, whereas the affidavits formerly employed were designed primarily to advise a party of the nature of his adversary's claim of defense. This difference in purpose of necessity occasioned the changes made in the content of the documents."

In our former mode of pleading the proper method to test the sufficiency of an affidavit was by a motion to strike the same from the files. Section 45 of our new Practice Act provides that all objections to pleadings heretofore raised by demurrer shall be raised now by motion, and that such motion shall specifically point out the defects in the pleading. It is our opinion that

the appellant's motion to strike defendant's affidavit for summary judgment from the files was the proper procedure to test the sufficiency of this affidavit.

As before stated, the trial court not only struck the affidavit of the plaintiff from the files but dismissed the suit. If the defendant did not make a motion to dismiss the suit, then it is our opinion the court erred in dismissing plaintiff's suit and entering judgment against it for costs. Neither our old, or new, Practice Act gives the court this right.

It will be observed that the order of the court entered on June 5, 1935, states "that the motion by the defendant to strike the affidavit for summary judgment, and allowing a motion to dismiss this suit, is by the court sustained." The court in its oral decision states: "Motion by defendant to dismiss suit is sustained and suit dismissed at the cost of the plaintiff." From the language used by the judge in his findings and the wording of the order for judgment, he assumed that there was a proper motion, filed by the defendant to dismiss the suit.

In the case of *First Nat. Bank of Kansas v. White,* 220 Mo. 717, 120 S. W. 36, the Supreme Court of the State of Missouri was considering the record on appeal from a judgment by confession on a promissory note. The material questions for their consideration were whether the judgment had been taken by confession on a promissory note, or whether there was evidence heard, and whether the findings in the judgment were conclusive of the facts therein stated. The court in its opinion use this language, "The judgment before us does not purport to be a judgment by confession, or even a judgment by consent. Upon the face of it, it is a judgment upon and after a trial in which evidence was heard. So says the judgment; and, there being nothing in the record showing the facts in this regard antedating the entry of judgment, the recitals are con-

clusive. . . . *Holliday's Ex'rs v. Myers,* 11 W. Va. 298.'' The appellant does not state positively that no motion was made to dismiss the suit but in their argument say: ''On June 25, 1935, an order was entered vacating the judgment of April 25, 1935, allowing a motion by the defendant to strike the affidavit for summary judgment and sustaining a motion to dismiss the suit (although no such motion appears from the record to have been made).'' The appellee does not state positively that any such motion was made, but contents herself with stating, that: ''The order of June 5, 1935 imports verity, and the fact that there is no written motion to dismiss the suit in the record does not establish the fact that there was not one made.''

It is our opinion that until the contrary is shown the recital by the court in his order and judgment, ''that the suit was dismissed on motion of the defendant,'' is conclusive that a proper motion to dismiss the suit had been entered previously to the entry of the judgment. If no such motion had been made it could have been easily established by the parties to this litigation.

It is our opinion that the court did not err in striking from the files the plaintiff's affidavit and motion for a summary judgment, and the court did not err in dismissing the suit. The suit cannot be maintained by the plaintiff.

The judgment of the circuit court of Kankakee county is hereby affirmed.

*Affirmed.*