Memorandum. The order of the Appellate Division should be affirmed.
Some 15 years after her husband’s death, his widow sought and obtained letters of administration on his estate, posting an administrator’s bond issued by respondent. Armed with a certified copy of her letters, on the basis of an affidavit as to loss of the passbook, the widow withdrew $13,000 from a savings account at appellant bank in the same name as that of her husband. The withdrawal was in the form of a check payable to the decedent’s estate which on the same day was deposited in a new account opened by the widow in the name of the estate at another bank. The widow thereupon withdrew the funds and closed the new account. She died some 11 months later leaving no assets of her own or of her husband’s estate.
Thereafter the true depositor sought to make a withdrawal from his account at appellant bank and the scheme came to light.
With the consent of the Surrogate’s Court, appellant bank brought the present action against respondent surety company on the administrator’s bond. Supreme Court granted respon *563 dent’s motion to dismiss the complaint under CPLR 3211 (subd [a], par 7) for failure to state a cause of action, and the Appellate Division affirmed.
The surety bond in question, issued for the benefit of "persons then and thereafter interested in the [decedent’s] estate” was conditioned on the faithful execution of the trust reposed in the widow as administratrix of the goods, chattels and credits of the decedent’s estate and her obedience to orders of the Surrogate’s Court.
Assuming without deciding that appellant bank could bring itself within the class of persons interested in the decedent’s estate and thus was entitled to the benefit of the surety bond, we note that the bond related only to actions by the widow as administratrix of her husband’s estate. The withdrawal of the funds from the account of the stranger depositor bearing the same name as the decedent and thereafter running those funds through the estate account were the acts of the widow in her individual capacity rather than in her fiduciary capacity. While appellant bank might have been able to trace the funds into the estate account and recover them had the fraudulent scheme been uncovered before the estate account had been closed, the moneys in question were never assets of the decedent’s estate and did not become so by being deposited in the estate account. The machinations of the widow parading as an administratrix were of her individual doing and did not come within the coverage of the estate fidelity bond.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.