## SAMUEL HAZELTINE *versus* NATHANIEL J. MILLER.

The authority of an agent to act for, and bind his principal, will be implied from the accustomed performance by the agent of acts of the same general character for the principal, with his knowledge and assent; but a general authority to an agent to collect debts, and to pay and receive money, does not authorize him to bind his principal by negotiable instruments; nor can an agent having authority to collect money for his principal, arising from the use or proceeds of the sale of his property, bind him by entering into contracts for which money is to be paid out.

There must be proof of agency before the declarations of the agent are admissible, and then only such as are strictly part of the *res gesta*.

This is an ACTION OF ASSUMPSIT upon an agreement signed "Wm. R. Miller, Agent," and was defended upon the ground that he had no authority to bind the defendant by an agreement for such purposes as are embraced therein.

CUTTING, J., presiding at *Nisi Prius*, ordered a nonsuit; to which, and to the rejection of certain evidence, the plaintiff excepted.

*E. Kent*, counsel for the plaintiff.

*J. A. Peters*, counsel for the defendant.

This case, upon a mere legal look at the thing, appears to have been rightly nonsuited.

The facts most favorably stated for the plaintiff, are just

these: The defendant owned certain mills and land connected therewith, in the town of Howland. Wm. R. Miller had rented the mills and sold stumpage from the land. Now did that authorize Wm. R. to make a contract for the defendant, to have lumber *cut and hauled,* and on other land? He never had even made such a contract on the mill land. He had *sold,* but never *bought.*

The question is not whether there is evidence tending to show, but is the plaintiff's testimony sufficient to authorize a verdict?

There is not even testimony, taken by itself, tending to show an authority. If there is, there will be too much danger for one man even to employ another.

The key to this case does not appear, as the defence was not reached, but it may be stated as a supposition, and will test the plaintiff's pretension.

There is not a particle of testimony in this case showing any authority in Wm. R. Miller, to bind the defendant to pay money—to make contracts to pay money—to assume responsibilities. Such an inference of a general agency would be destructive of all business delegation of authority.

There is no evidence of a general agency. It is not every act of employment, which renders a party an agent. A clerk with authority to sell goods, has no authority to buy goods, and give his employer's note. Nor does an authority in this case, to rent mills and rent lands, authorize Wm. R. Miller to make a contract foreign to renting mills and lands.

Here was a mere limited authority for certain definite purposes. For appropriate illustrations, see cases of *Webber* v. *Williams College,* 23 Pick. R., 302; *Nash* v. *Drew,* 5 Cush. R., 424; *Tabor* v. *Cannon,* 8 Met. R., 456; *Calef* v. *Foster,* 32 Maine R., 92.

The testimony was rightly rejected. The plaintiff could call Wm. R. Miller as a witness.

RICE, J. No rule of law is better established, or more universally recognized, than that the authority of an agent,

to act for, and bind, his principal, will be implied from the fact that such agent has been accustomed to perform acts of the same general character for that principal, with his knowledge and assent. Nor is it necessary, in order to constitute a general agent, that he should have done before an act, the same in specie with that in question. If he have usually done things of the same general character and effect, with the assent of his principal, that is enough. Thus it was held in *Bank of Lave Erie* v. *Norton*, 1 Hill R., 502, where, by articles of co-partnership, one Norton was created agent of a firm, but his authority, as thereby defined, did not extend to accommodation acceptances. It was proved, however, that he was the general agent of the firm, and with their knowledge and assent, was in the habit of drawing bills, and making notes and indorsements for them; though the specific act of acceptance was not mentioned in the evidence, as one that had been usually done, the court decided that his general power, and the usage of putting the firm name to commercial paper, in all other shapes, was the same thing, in substance, and calculated to raise an inference in the public mind that he had such a power.

But the acts from which authority to do a specific act can be implied, must be of the same general character and effect. Thus it was held in *Tabor* v. *Cannon*, 8 Met. R., 456, that an agent who is employed by the owners of a whale ship, to fit her for sea, and purchase the necessary supplies for her voyage, cannot bind the owners by making a negotiable note, or accepting a negotiable bill of exchange in their names, as agent, in payment for such supplies. The court, in their opinion, remark, there is good reason for this distinction. In a contract of sale, the owners can be liable to no one but the actual sellers of the goods; the consideration may be inquired into; all the circumstances attending the sale may be shown; and all payments and offsets may be adjusted; all which would be precluded if an action could be maintained by the indorser on an acceptance.

In *Webber* v. *Williams College*, 23 Pick. R., 302, which

was on a note given by Mr. Fessenden, of Portland, as agent for the defendants. Mr. F. was agent for the defendants, at Portland, to manage some interests of theirs growing out of some eastern lands. To avoid an apprehended troublesome controversy, Mr. Fessenden was authorized to advance to a Mr. Ingersoll, one or two hundred dollars, to assist him in paying off a large highway tax. Instead of advancing the money, Mr. Fessenden gave the note in suit. The court held that the note was made without authority, and was not binding on the defendants.

A general authority to an agent to collect debts, and to pay and receive money, does not authorize him to bind his principal by negotiable instruments; such an authority must be expressly conferred or reasonably implied from the nature of the business to be done. *Rossiter* v. *Rossiter*, 8 Wend. R., 496.

In the case at bar, the evidence shows satisfactorily that W. R. Miller was an agent for the defendant. That in that capacity he carried on his mills, at the mouth of the Piscataquis; that he paid the taxes on the defendant's property; that he gave permits for cutting timber on the defendant's lands in Howland and Edinburgh, and collected the stumpage therefor; that he settled and received pay for lumber cut upon the defendant's land without authority. There was also evidence, that on one occasion he gave a note to the town of Howland, as the agent of the defendant. There is no evidence, however, that he had any authority to give that note, or that the defendant had any knowledge of its existence till long after it was given, or that he has ever recognized it as a valid note, against him.

Now there is a wide distinction between authority in an agent to carry on mills for the owner; to permit parties to cut timber on his lands, and collect the stumpage therefor; to claim indemnity from trespassers; and authority to enter into contracts for carrying on lumbering operations, by which the principal was to be obligated to pay large sums of money. In the one case the agent would be, in different

Hazeltine *v.* Miller.

modes, collecting for his principal money arising from the use, or proceeds of the sales of his property; in the other, he would be embarking that principal in business enterprises which might involve large pecuniary liabilities and losses. Authority to embark in enterprises of the latter description, could not be implied from an admitted agency, with authority to perform acts of the former character.

As to the testimony of the witness, Muzzey, taken in connection with the letter of the defendant, it restricts, rather than enlarges, the authority of W. R. Miller, as the agent of the defendant. No implication of authority to enter into the contract in question, can arise from that transaction.

The declarations of W. R. Miller were properly rejected. There must be proof of agency, before the declarations of the alleged agent are admissible in any case; and then only such declarations as are strictly part of the *res gesta.* There being no proof of authority in the agent to perform the principal act, his declarations, while in the performance of that act, are, as matter of course, inadmissible.

It may well be doubted whether, by the terms of the instrument itself, any persons other than the plaintiff and William R. Miller, are bound by it. But as this point was not raised in the arguments of the counsel, we express no opinion upon it. The nonsuit must stand.

*Exceptions overruled.*