# WALLACE W. CORBETT

## *v.*

# WILLIAM SCHUMACKER.

1. PARTY PLAINTIFF—*in suit on contract.* An action for a breach of contract must be brought by the party with whom the contract was made.

2. Where a contract is made with the leader of a musical band to furnish a given number of musicians to play at a fair, and payment is refused, the suit is properly brought in the name of the leader. The members of the band must look alone to the leader for their pay.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. RANDALL B. WHITE, for the appellant.

Mr. HENRY D. P. HOISER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This action was originally commenced before a justice of the peace of Cook county, by William Schumacker, plaintiff, against Wallace W. Corbett, defendant, on an account amounting to one hundred and fifty dollars. Judgment was recovered for that amount, and an appeal taken to the circuit court, where the same judgment was rendered, to reverse which the defendant appeals.

It appears a contract was made by appellant, with appellee, through the clerk of the latter, who was the leader of a voluntary musical association, known as the "Great Union Band," for the use of fifteen musicians to play at a fair to be held by the "Swine Breeders' Association." The terms were, five dollars per diem for each man furnished. Fifteen men were furnished by appellee, who performed two days each, making a total of one hundred and fifty dollars, the amount recovered in the action.

Appellant makes several points, citing numerous cases in support thereof, most of which we have no disposition to question. One principle can be certainly extracted from all of them, and that is, the action for a breach of contract must be brought by the party with whom the contract was made. There can be no question this contract was made with appellee, and with him alone; and had he failed to furnish the musicians, he alone would be liable to an action for the damages consequent upon his failure. He had a clear right to incur this liability — to make this promise — and appellant could hold him to it. A recovery by appellee would be a bar to any recovery by any individual member of the company against appellant. There is no contract between him and any one of them on which he could be made liable. Their recourse is upon appellee, for whom, in contemplation of law, they, and each of them, performed the services.

On the point that appellant was acting as agent, or as a committee, for the "Swine Breeders' Association," and contracted in that character, he is not sustained by the proof. He himself, on his examination, fails to state he communicated that fact to Stager, the clerk of appellee. The instructions on this head were properly refused.

As to the newly discovered evidence, there is nothing in that point. One or more of the persons named were witnesses on the trial, and could have been examined touching all these facts; but the facts to which they would testify are wholly unimportant. The contract having been made with appellee, to him, and to him only, must appellant respond.

If a contractor engages with a railroad company, or any other, to furnish one hundred or more hands to work on the company's railroad, and he does furnish them, would he not have his action against the company, and would it not be absurd to hold that each man so working under the contract had a right of action against the company? Wherein is the difference? The only difference is, appellee was a contractor to furnish music.

We perceive no error in the rulings of the court or in the record, and think it is a clear case for the appellee, and the judgment must be affirmed.

*Judgment affirmed.*