The People v. Stacey.

Reversed.

6 · 521
64 408

## The People of the State of Illinois
## v.
## Matthew Stacey et al.

Suit on bond—Parties plaintiff.—In a suit for breach of an executor's bond, brought in the name of The People for the use, etc., the plaintiff, *i. e.* The People, may sue for the use of more than one person in the same action; and a recovery may be had for all the damages sustained, without reference to the use to be made of the money when recovered. It is not necessary that the judgment should fix the amount to which each individual is entitled.

Appeal from the Circuit Court of Morgan county, the Hon. Cyrus Epler, Judge, presiding. Opinion filed June 29, 1880.

Mr. W. H. Barnes and Mr. Charles A. Barnes, for appellant; that suit can be brought for the use of all persons injured, cited the People v. Summers, 16 Ill. 173; The People v. Randolph, 24 Ill. 324; Chitty's Pl. 4; Swan's Pr. 35.

Mr. William Thomas, Mr. J. Ketcham, Messrs. Brown, Kirby & Russell, and Messrs. Morrison, Whitlock & Lippincott, for various appellees; that the interests of the obligees are several, and a single action in favor of all cannot be maintained, cited Doxmen v. Seldons, 19 Johns. 216; 1 Chitty's Pl.

1; Bouvier's Inst. 136; Gould's Pl. 200; Reynolds v. Thomas, 17 Ill. 207; Snell v. Deland, 43 Ill. 323; Leake v. Brown, 43 Ill. 373.

HIGBEE, J. The only question presented for decision in this case is, whether in a suit on an executor's bond, the plaintiff, *i. e.* The People, can sue for the use of more than one person in the same suit.

Under section 21 of the Practice Act, the plaintiff is required in a suit on a special bond conditioned for the performance of covenants, to set out the conditions of the bond, and may assign in his declaration, as many breaches, as he may think fit; and the jury shall assess the damages, for so many breaches as the plaintiff shall prove, and the judgment for the penalty shall stand as a security for such other breaches, as may afterwards happen.

This section requires the plaintiff to assign the breaches in his declaration, and not upon the record, as was required by the ancient English practice.

The plaintiff may assign as many breaches as are necessary in a suit on a penal bond, in one count, or he may file as many counts as there are breaches of the bond. When the former is adopted, each breach answers the place of a separate count. Hibbard et al. v. McKindly et al. 28 Ill. 240, 1st Chitty's Pl. 336.

Sec. 25 of Chapter 111, of the Revised Statutes of 1874, provides that executors' bonds may be put in suit, and prosecuted in the name of The People of the State of Illinois, for the use of any person who may have been injured by reason of the neglect, or improper conduct of the executor, and such bond shall not become void on the first recovery thereon, but may be sued upon, from time to time, until the whole penalty shall be recovered.

It was not the purpose of this provision to limit the right of the obligee in the bond to a recovery in favor of a single person who had sustained injury; but its purpose was to enable any person injured to institute the proceedings necessary to a recovery.

The bond is payable to The People of the State of Illinois, and the obligees alone can maintain a suit upon it.   In such suit, a recovery may be had for all the damages sustained, without reference to the use to be made of the money when so recovered.

It was not necessary that the judgment should fix the amount which each individual, for whose use the suit was brought, should be entitled to.   That had been determined by the county court.

How the money which The People are entitled to recover by reason of defendant's breach of the bond, may be distributed is of no importance.   McLean et al. v. The People, 85 Ill. 208; Chadsey, Adm'r v. Lewis, 1 Gilm. 153; Corbett v. Schumacker, 83 Ill. 403.

These allowances are proper evidence on the trial for the purpose of measuring the damages sustained by plaintiff, by reason of defendant's breach of duty.

The defendants undertook that Stacey should pay to the persons entitled thereto under the will of or his testator, all legacies and bequests so far as the estate of said testator should thereunto extend.

This, the declaration alleges, he has failed to do; and if so, the People are entitled to recover in this action the whole damages sustained by reason of this breach of duty.

The court erred in sustaining the demurrer to the declaration, and for this error, the judgment is reversed and the cause remanded.

Reversed.