## JENKINS *v.* FUNK.

*(Circuit Court, W. D. Pennsylvania.* February 11, 1888.)

PRINCIPAL AND AGENT—SPECIAL AGENT—POWERS.

A special agent, acting simply by virtue of a power of attorney to sell and convey certain real estate, cannot employ a broker to procure a purchaser and negotiate a sale, so as to raise a privity between his principal and the broker, and give the latter a right of action for his compensation directly against the principal.[1]

At Law. On motion for new trial.

James W. Jenkins sued Mrs. Eliza Funk to recover commissions on a sale of real estate made by plaintiff under authority from Mrs. Funk's agent. Verdict for defendant, and motion for new trial by plaintiff.

*Samuel T. Neill,* for motion.

*George B. Gordon, contra.*

ACHESON, J. As the foundation of his right of action, the plaintiff put in evidence the power of attorney from Mrs. Funk, the defendant, to M. A. McDonald, and by that instrument is the extent of the latter's agency to be determined. It is very clear that McDonald's alleged declarations, made in the absence of Mrs Funk, are not evidence as against her to expand his written authority. *Grim* v. *Bonnell,* 78 Pa. St. 152. Nor was there any offer of evidence to show a general or local usage from which might arise an implication of authority in McDonald to employ a

---

[1] The acts of an agent varying from those contemplated by the evidence of his authority are wholly void. New York Life Ins. Co. v. Fletcher, 6 Sup. Ct. Rep. 837; Jackson v. Badger, (Minn.) 26 N. W. Rep. 908; Siebold v. Davis, (Iowa,) 25 N. W. Rep. 778; Veeder v. McMurray, (Iowa,) 23 N. W. Rep. 285; Rountree v. Davidson, (Wis.) 18 N. W. Rep. 518; Hampton v. Moorhead, (Iowa,) 17 N. W. Rep. 203; Thomas v. Joslyn, (Minn.) 15 N. W. Rep. 675; Campbell v. Campbell, (Wis.) 15 N. W. Rep. 138; Jeffrey v. Hursh, (Mich.) 12 N. W. Rep. 898; Luke v. Grigg, (Dak.) 30 N. W. Rep. 171. The acts of an agent within the apparent authority given him will bind the principal. Sacalaris v. Eureka & P. R. Co., (Nev.) 1 Pac. Rep. 835; Webster v. Wray, (Neb.) 24 N. W. Rep. 207; Dewar v. Bank of Montreal, (Ill.) 3 N. E. Rep. 746; Schley v. Fryer, (N. Y.) 2 N. E. Rep. 280. See, also, Frink v. Roe, (Cal.) 11 Pac. Rep. 820, and note.

sub-agent with the right to look to the primary employer for his compensation. The rejected offers fell far short of that measure of proof. By her letter of attorney Mrs. Funk simply authorized McDonald to sell and convey her real estate. The agency was special, created for a particular and defined purpose. Such an instrument is to be construed strictly, (Story, Ag. § 68;) and the formal language, "Hereby giving and granting unto our said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises," etc., will be presumed to be used in subordination to the particular subject-matter of the power, and limited accordingly, (Id. § 62; 1 Devl. Deeds, § 359.) True, the letter of attorney contains a clause in the common form, granting to McDonald the "power of substitution;" but, clearly, he did not exercise that power. Indeed, this is not asserted. Hence that clause cannot affect the rights of the parties to this suit.

The controlling question in the case is whether a special agent, acting exclusively by virtue of a power of attorney which merely authorizes him to sell and convey certain real estate, can employ a broker to procure a purchaser and negotiate a sale, so as to raise a privity between his principal and the broker, and give to the latter a right of action for his compensation directly against the principal. At the trial the court determined this question negatively. That the decision was right it is not difficult to show. The general rule of law is that if an agent, in the conduct of his agency, employs a sub-agent, without authority to bind his principal, expressly given or fairly presumptive from the particular circumstances or the usage of business, the sub-agent must look to his immediate employer for his pay, and has no claim for compensation against the agent's principal, between whom and the sub-agent no privity exists. Story, Ag. § 387; Whart. Ag. § 348; *Stephens* v. *Badcock*, 3 Barn. & Adol. 354; *Warner* v. *Martin*, 11 How. 223, 224; *Corbett* v. *Schumacker*, 83 Ill. 403. Thus, in the case of *Cull* v. *Blackhouse*, 6 Taunt. 148, note, where a person who was commissioned by the defendant to purchase and ship wheat for him, employed the plaintiff to bring it down to the sea-coast and settle the shipping charges, etc., but failed to pay him, it was held that the plaintiff must sue, for his compensation, the person who actually employed him, and not the defendant. To the like effect was the ruling in *Schmaling* v. *Thomlinson*, 6 Taunt. 147. The foregoing citations reveal a principle decisive of the present case. Between the plaintiff and the defendant no privity, express or implied, exists, and, therefore, this action cannot be maintained. The plaintiff's contract was with McDonald, and he alone became responsible for the plaintiff's compensation. It follows, then, that the motion for a new trial must be overruled.

And now, February 11, 1888, the motion for a new trial is denied; and it is ordered that judgment be entered in favor of the defendant upon the verdict, with costs.