The People of the State of Illinois for the use of Joseph
Lamb, Appellee, v. Albert W. Betzold, Appellant.

Opinion filed June 8,
1935.   Rehearing  denied  September  5,  1935.

J. F. Eeck, of Edwardsville, for appellant.

Terry, Gueltig & Powell, of Edwardsville, for appellee.

Mr. Presiding Justice Edwards delivered the opinion of the court.

On March 18, 1928, appellant, with five other sureties, signed the official bond of Ben Wood as public administrator of Madison county, in the penal sum of $50,000. The bond provided, among other conditions, that such administrator should well and truly administer, according to law, all estates committed to his charge, "and all the rest of the said goods and chattels, rights and credits, which shall be found remaining upon the accounts of the said Public Administrator, the same being first examined and allowed by the Probate Court, shall deliver and pay unto such person or persons, respectively, as may be legally entitled thereto."

On July 7, 1934, appellee filed a complaint against appellant, alleging that the said public administrator was appointed to administer the estate of Joseph Lamb Sr., deceased; that the estate was duly settled, and appellee found by the probate court to be the only heir of the deceased, and entitled to the final assets of said estate, aggregating $997.28, in the hands of such public administrator, who was ordered to pay same to appellee; but that the said public administrator failed so to pay, and as a consequence suit was brought against appellant as a surety upon the administrator's official bond.

Appellee subsequently, by leave of court, amended the process and complaint, to make the action brought by the People of the State of Illinois, for the use of Joseph Lamb. Later, motion was filed by appellant to dismiss the action upon the general ground that the bond in question was for the benefit of the public, and

that an individual might not maintain a private suit thereon. This, after argument, the court overruled; appellant stood by his motion, and judgment was rendered in favor of the People of the State of Illinois, for the use of Joseph Lamb, and against appellant, in the sum of $997.28 and costs, to which appellant excepted, and from which this appeal has been perfected.

Two principal reasons for reversal are assigned. First, that appellee, as an individual, could not bring his private suit upon the official bond of the public administrator; and second, that the action being one of debt, judgment should have been for the amount of the penalty of the bond, to be satisfied upon payment of the amount of damages assessed.

As to the first contention, it appears that par. 26, Cahill's St. ch. 3, enacts that "all bonds which may at any time be given by any executor or administrator, either with or without the will annexed, or *de bonis non*, to collect, or public administrator, may be put in suit and prosecuted against all or any one or more of the obligors named therein, in the name of the People of the State of Illinois, for the use of any person who may have been injured by reason of the neglect or improper conduct of any such executor or administrator." Par. 48 of said chapter 3 obligates the county court to require of the public administrator, before entering upon the duties of his office, a bond payable to the People of the State of Illinois, in a sum not less than $5,000, with sureties to be approved by the court and conditioned for the faithful discharge of all the duties of his office, and that the court may also require him to give the usual bond of administrators in other cases, touching any particular estate in his charge.

Appellant urges that said par. 48 is the only one which provides for a bond by the public administrator, which can be reached by an individual for a private

grievance, and that the bond required by section 26 is only for the benefit and protection of the public.

Considering together the two sections, we think it clear that the legislature intended that the bond provided for in par. 26 should cover all defalcations of the public administrator, both those affecting the public, as well as those pertaining to persons; as seems evident from the provision, "may be put in suit . . . for the use of any person who may have been injured by reason of the neglect or improper conduct of any such executor or administrator." This clause seems to effectually exclude the notion that only the public could sue upon the bond.

The power of the court, granted by par. 48, to require, in addition to his official bond, the ordinary security of an administrator, respecting any estate committed to his charge, was designed, in our opinion, to cover cases where the personal assets of such estate were of a greater value than would be secured by the penal sum of the official bond, and was an additional protection to interested parties; supplementary to that of par. 26, but not an abridgment of the latter section.

In 24 Corpus Juris, p. 1206, sec. 2890, it is stated: "As a general rule the official bond of a public administrator covers estates committed to his care, and he is not required to give further security, although the court may exact it when deemed necessary."

We are satisfied that appellee, as an individual, was entitled to bring action upon the public administrator's bond, for a defalcation of such official which resulted to his damage, and that the court properly overruled the motion to dismiss.

As to the claim of appellant that the judgment should have been for the amount of penalty of the bond, to be discharged upon payment of the damages assessed for the breach alleged and proven, appellee replies that the objection is technical, and that appel-

lant having failed to specifically raise the point in the trial court, is precluded by such failure.

We think the matter is controlled by section 53 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 181: "In an action on a penal bond the plaintiff may allege as many breaches as he may think fit, and damages shall be assessed for such of the breaches as are proved, and the judgment for the penalty shall stand as security for such other breaches as may thereafter happen, and the plaintiff may at any time thereafter, by motion, upon 10 days' notice, have the said cause placed on the docket for assessment of damages for such subsequent breaches as are set forth in such motion; and an order shall be made after each assessment of damages for an execution on said judgment for the amount of damages so assessed until the full amount of such judgment shall be paid."

It seems apparent that such section contemplated that in an action upon a penal bond, the judgment should be for the penalty, which should stand as security not only for the damages assessed in the current action, but as well for such as might be subsequently adjudged for other breaches as they might thereafter occur. It was competent for the legislature to so provide, and having done so, we are of the opinion that the only judgment which could properly be entered in the instant cause was for the amount of the penalty reserved in the bond, to be discharged according to the terms of said section 53. The judgment being for the damages assessed, and not for the penalty of the bond, did not conform to the statute, and in our opinion was improper.

In section 92 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 220, which enumerates the powers of a reviewing court, it is provided among other things: "In all appeals the reviewing court may, in its discretion, and on such terms as it deems just, . . . give

any judgment, and make any order which ought to have been given or made, and make such other and further orders and grant such relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the issuance of execution, as the case may require.''

No question has been raised as to the correctness of the court's order, finding a breach of the public administrator's bond, nor as to the amount of the damages assessed therefor; hence, by virtue of the authority conferred upon this court by said section 92, judgment is hereby given for appellee, and against appellant, for the amount of the penalty of the public administrator's bond, or the sum of $50,000, as a debt, to be discharged *pro tanto,* to the extent the claim of appellee has been alleged and proven herein, upon payment by appellant of the damages assessed in the sum of $997.28, together with costs of suit. It is further ordered that appellee have execution herein for the amount of such damages and costs.

*Judgment here for appellee.*