Robert McCormick Adams, Plaintiff-Counterdefendant, Appellee, v. Walter H. Holland et al.
On appeal of Walter H. Holland et al., Defendants-Counterclaimants, Appellants.

**Gen. No. 45,815.**

Opinion filed November 6, 1952. Rehearing denied November 24, 1952. Released for publication December 9, 1952.

HARRY A. KAHN, of Chicago, for appellants; ODE L. RANKIN, of Chicago, of counsel.

Jack A. Williamson, of Chicago, for appellee.

Mr. Justice Niemeyer delivered the opinion of the court.

The executors and certain beneficiaries under the will of Leonard Breckwoldt, deceased, dated November 29, 1946 and admitted to probate in the probate court of Cook county July 1, 1949, as defendants and counterclaimants in a suit to contest said will on the ground that testator was not of sound mind and memory, appeal from an order striking certain portions of their answer, denying their motion for judgment and dismissing their counterclaim. The principal question involved on appeal is the dismissal of the counterclaim.

From the pleadings herein it appears that Leonard Breckwoldt died September 1, 1947, leaving no heirs except a brother living in Germany, and an estate worth in excess of $100,000. Under the will of November 29, 1946 Robert McCormick Adams, the plaintiff and contestant, was bequeathed certain oil paintings. Under a prior will executed April 12, 1946 plaintiff was bequeathed, in addition to the oil paintings above mentioned, a grandfather's clock, inventoried in the estate at $250. He therefore stands to gain the grandfather's clock if the later will of November 29, 1946 is annulled and the prior will of April 12, 1946 is admitted to probate. Defendants and counterclaimants endeavored to dispose of the will contest by giving to plaintiff the paintings bequeathed him in the will admitted to probate, and the grandfather's clock. By their counterclaim they seek to compel plaintiff to accept the clock, or, if he refuses, that the clock be stored for his benefit under the direction of the court, and that the complaint contesting the will be dismissed. It appears by plaintiff's motion to dismiss the counterclaim that defendants presented a motion in the probate court asking leave to turn over the clock to Adams, a release of all claim to the clock having been obtained

321

from the person to whom the clock was subsequently · bequeathed; that plaintiff objected to this order, and when the court indicated that it would be denied, the motion was withdrawn. The matter stricken from the answer and the counterclaim related to steps taken and offers made in an effort to end the contest. Claims aggregating in excess of $10,000 have been filed against the estate.

■ ■ So long as the estate is pending in the probate court it has exclusive jurisdiction of the probate of the estate and of the personal property of the testator. The circuit court, therefore, is without jurisdiction to make any disposition of personal property belonging to the estate and in the control of the probate court. For this reason alone the circuit court is without jurisdiction to compel the acceptance of the clock and a dismissal of the complaint to contest the will.

The order appealed from is affirmed.

*Order affirmed.*

FRIEND, P. J. and BURKE, J., concur.