THE PEOPLE ex rel. THE FIRST NATIONAL BANK OF SPRINGFIELD, Plaintiff-Appellant, v. ILLINOIS NATIONAL INSURANCE CO., Defendant-Appellee.

Fourth District   No. 13398

Opinion filed December 4, 1976.—Rehearing denied January 4, 1977.

GREEN, J., specially concurring.

Brown, Hay & Stephens, of Springfield (John H. Squires, of counsel), for appellant.

Ben K. Miller, of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiff sued defendant as surety upon the bond of Whitney, conservator of the person and estate of Leonard Tolliver. Plaintiff appeals the judgment of the trial court entered upon the pleadings for defendant.

The bond of the conservator in the sum of $8250 was executed on October 3, 1973. On that date, Whitney, as conservator, opened a savings account depositing some $2900 with plaintiff. On December 20, 1973, Whitney deposited a purported certified check, dated December 18, 1973, in the sum of $10,000 payable to Tolliver and endorsed in the name of the incompetent by Whitney, conservator. On December 21, Whitney withdrew $275, and on December 22, withdrew $9001. On December 26, the purported certified check was returned to plaintiff, Bank, for the reason that the account was closed and the certification was a forgery. The pleadings do not disclose the forms of method of the respective withdrawals.

Plaintiff filed suit against Whitney, as conservator, and the ward, Tolliver, alleging that following revocation of the credit given on the purported check, demand was made upon Whitney and she refused to pay. The complaint alleges that on April 25, 1974, Whitney was removed as conservator and a successor conservator appointed and qualified.

On May 9, 1974, a judgment by default was entered against Whitney as conservator. Such judgment provided that execution issue and found no just reason to delay appeal. No judgment was obtained against the ward or his estate. Plaintiff's motion in the trial court to reconsider the court's judgment in this case alleges that a claim was filed against the ward's estate on May 10, 1974, but the status of the claim is not disclosed in this record.

The condition of the bond is "that if the said legal representative of the above captioned estate faithfully discharges the duties of the office, according to law and does all acts which at any time may be required of said legal representative by law, or by a Court, then this obligation is void; otherwise it remains in full force. * * * "

Plaintiff's theory is that it is entitled to recover under the provisions of either, or both, section 162 of The Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 162), as any "person who may have been injured by reason of the

neglect or improper conduct of the principal on the bond," or section 318 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 318), stating the liability of the surety "to any person aggrieved thereby for any mismanagement of the estate of his ward committed to his care and the ward, the successor guardian or conservator * * * or the person so aggrieved may institute and maintain an action * * * for all money and property which have come into his possession and are withheld or may have been wasted, embezzled or misapplied and no satisfaction made therefor."

In a memorandum the trial court found that there was no allegation of fact showing that the purported check was the property of the ward's estate, or that the estate had been deprived of any property.

The trial court concluded that the defendant's liability as surety upon the bond was limited as in *American Insurance Group v. Waclawski* (1966), 66 Ill. App. 2d 397, 214 N.E.2d 535. That opinion determined that the official bond of an administrator was given to protect only the creditors and the beneficiaries of the estate.

In *Waclawski,* the administrator procured court approval, received payment in settlement for wrongful death and executed a release. Within 30 days she procured the vacation of the order approving the settlement. The administrator then filed suit for wrongful death and some six years later procured an order setting aside the release of plaintiff's suit upon the administrator's bond to recover the sum paid in settlement. Upon review, the court concluded that while the administrator may have received money to which she was not entitled and for which she was liable individually, there was no charge against the estate for which the surety on the bond was liable. Such was the rule in *Young v. People* (1890), 35 Ill. App. 363, upon comparable facts.

Plaintiff's pleadings and the record show that plaintiff was not a creditor of the ward at the time of the order now on appeal.

■■ The contract of a surety of a personal representative is to be strictly construed both in law and in equity and the surety's liability is not to be extended by implication beyond the terms of the contract. *People v. Huffman* (1899), 182 Ill. 390, 55 N.E. 981; *American Insurance Group v. Waclawski* (1966), 66 Ill. App. 2d 397, 214 N.E.2d 535.

In *Huffman,* it was held that the surety upon the bond of a guardian of the ward's personal property was not liable for the proceeds of the sale of the ward's real estate where the statute required that a separate bond be given on the sale of real estate.

In 4 James, Illinois Probate Law and Practice, ch. 91, §162.4 (1951), it is said:

> "A conservator's bond is given for the use of the ward, not for the purpose of securing an outside party."

Plaintiff does not suggest any authorities which have altered the law

concerning the liability of a surety upon the bond of a personal representative. It cites *People v. Stacey* (1880), 6 Ill. App. 521, and *People v. Betzold* (1935), 281 Ill. App. 227, quoting the language that any injured or aggrieved person may sue. In *Stacey*, the issue was whether more than one legatee could join in an action upon an executor's bond for failure to pay the legacies provided. In *Betzold*, defendant contended that only the public could sue upon the bond of a public administrator for a public defalcation. It was held that a sole heir could bring an action against the surety upon a legacy which the public administrator had been ordered to pay.

■■ The complaint does not allege that the conservator has failed or refused to perform any order entered by the court having jurisdiction of the ward's estate. We can, therefore, find no basis upon which the plaintiff may sue upon the conservator's bond.

The judgment below is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. JUSTICE GREEN, specially concurring:
I concur in the result reached by the majority.

I disagree with the majority determination that the plaintiff is not a creditor of the ward's estate. The complaint alleges that a forged check was credited to the account of that estate with plaintiff bank. That bank, as collecting bank, presented the check to the payor bank who refused to honor it because it was a forgery. Under the terms of the conservator's agreement with plaintiff and section 4—212 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 4—212) plaintiff then had a right to obtain a refund from the conservator and thus became a creditor of the estate.

The complaint, however, sets forth no default on the part of the conservator. It does not allege the conservator forged the check or knew the check to be forged or that the conservator improperly used or disbursed the proceeds of the check or refused a court order to make payment to plaintiff. Since the complaint is thus insufficient to set forth a cause of action, I concur in the result of the majority in affirming the order dismissing the complaint.